U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 APR 29 PM 12:01

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JAMES T. BURKE, )
)
    Plaintiff, )
)
v. ) Case No. 5:14-cv-00272
)
VERMONT DEPARTMENT OF )
CORRECTIONS, )
)
    Defendant. )

**OPINION AND ORDER RE:
DEFENDANT'S MOTION TO DISMISS
(Doc. 7)**

Plaintiff James T. Burke filed this action *pro se* against defendant Vermont Department of Corrections alleging that he was unlawfully charged fees for making photocopies of litigation documents as an indigent inmate. The Vermont Department of Corrections moves to dismiss Burke's complaint (Doc. 5) on res judicata grounds. The court dismisses Burke's complaint for lack of subject matter jurisdiction.

**I.    Background**

Burke is in the custody of the Vermont Department of Corrections ("DOC"), and is currently confined at Lee Adjustment Center ("LAC") in Beattyville, Kentucky. (Doc. 5 at 2; Doc. 7 at 1.) LAC is owned and operated by Corrections Corporation of America ("CCA"). (Doc. 7 at 1.)

An excerpt of a CCA Corporate and Facility Policy attached as an exhibit to Burke's complaint states that indigent inmates may receive three "photocopies of each legal document to be filed with the court at no charge . . . ." (Doc. 5-5.) Burke was granted indigent status as of June 22, 2012. (Doc. 5-4.) Burke alleges that the cost of photocopies he made was charged to his inmate account in violation of DOC and LAC policy and unspecified laws. LAC placed the photocopy charges on Burke's inmate account which, according to the transaction records

1

attached to Burke's complaint, was overdrawn by $346.42 as of November 24, 2014. Burke originally requested a damages award of $500 to pay off the charges or, alternatively, that the court order the charges removed and award him $100 in damages. (Doc. 5 at 3.) He amended the relief requested to $5,000. (Doc. 14.)

On June 30, 2014, Burke filed a small claims complaint against the DOC in Vermont Superior Court, alleging that "CCA/LAC" had deducted funds from his inmate account as a result of being unlawfully charged for photocopies he made after having been granted indigent status. (Doc. 5-1 at 2.) After a bench trial at which Burke appeared *pro se* by telephone, the court issued a judgment for the DOC on November 25, 2014. (*Id.*) On December 8, 2014, Burke filed a notice of appeal of the small claims court decision. (Doc. 7-1 at 2.) The appeal is currently pending. (Doc. 7 at 2.) Burke filed the complaint in this action on December 31, 2014. (Doc. 5.) The DOC moved to dismiss Burke's complaint on February 27, 2015. (Doc. 7.) Any response from Burke to the DOC's motion was due on April 2, 2015; as of the date of this Order, he has not filed one.

## II. Jurisdiction

Burke's complaint did not provide sufficient information from which the court could determine whether it had subject matter jurisdiction, so it issued an order requesting that Burke supplement his complaint with a statement of jurisdiction. (Doc. 11.) Burke filed a supplemental statement of jurisdiction on April 27, 2015. (Doc. 14.) Burke contends that jurisdiction is found under 42 U.S.C. [§ 1983] and 28 U.S.C. § 1332. (*Id.* at 2.) Burke also raises the relief requested to $5,000. (*Id.*) The court determines that it does not have jurisdiction over this action.

There is no diversity jurisdiction because the matter in controversy is only $5,000 and because the Vermont Department of Corrections functions as an "arm" of the State of Vermont. *Komlosi v. N.Y. State Office of Mental Retardation & Dev. Disabilities*, 64 F.3d 810, 815 (2d Cir. 1995); *see* 28 U.S.C. § 1332; *Kapp v. Naughton*, Civ. No. 90-591E, 1990 WL 181179, at *1 n.2 (W.D.N.Y. Nov. 21, 1990) ("It is well-settled that diversity jurisdiction is unavailable in actions brought against states." (citing *State Highway Comm'n of Wyo. v. Utah Constr. Co.*, 278 U.S. 194, 199-200 (1929)).

2

Nor does federal question jurisdiction apply to Burke's claim. Burke argues that the court has jurisdiction under "42 U.S.C."; presumably, Burke intends to cite 42 U.S.C. § 1983. To the extent Burke alleges that the DOC violated a federally protected right, the claim could be construed as one arising under 42 U.S.C. § 1983, over which the court has jurisdiction pursuant to 28 U.S.C. § 1331. However, Burke has not identified any constitutional or federally-protected right the DOC has allegedly violated. His inmate grievance papers, attached as an exhibit to his complaint, argue only that "[t]he[re] is no statu[t]e or correct Vermont authority that gives CCA/LAC the lawful right to deduct copy charges from [his] account." (Doc. 5-2 at 1.) Burke's supplemental statement of jurisdiction also fails to identify a federally-protected right which would sustain an action under § 1983.

The DOC moves to dismiss the complaint not on jurisdictional grounds, but because the doctrine of res judicata bars consideration of Burke's claim in this court. Even if the court were to construe the complaint to allege a valid § 1983 claim—setting aside the issue of whether he seeks to enforce a constitutional provision or federal law—Burke's claim would still fail because it would be barred by res judicata.[1]

### III. Motion to Dismiss Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but to survive a motion to dismiss it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a plaintiff has failed to "nudge[ ] [his] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, they must be dismissed.

The court must read a *pro se* complaint liberally, *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009), and must interpret any supporting papers "to raise the strongest

---

[1] The court further notes that even if it construed Burke's complaint to allege a valid § 1983 claim, sovereign immunity would bar it unless the state of Vermont consented to this suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

3

arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (internal quotation omitted). Although "[p]ro se complaints are to be construed particularly liberally on a motion to dismiss," *Mitchell v. Keane*, 974 F. Supp. 332, 338 (S.D.N.Y. 1997), *aff'd*, 175 F.3d 1008 (2d Cir. 1999), they must nonetheless state a plausible claim for relief to survive a motion to dismiss. *See Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).

## IV. Res Judicata
### A. Doctrine

Res judicata, also called claim preclusion, "provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

"In analyzing the application of *res judicata*, federal courts must 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *In re Haven Eldercare, LLC*, 503 F. App'x 13, 14-15 (2d Cir. 2012) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). The rule is the same for § 1983 cases.[2] *Ladd v. Thibault*, No. 1:08-cv-255, 2009 WL 3248143, at *6 (D. Vt. Oct. 6, 2009), *aff'd*, 402 F. App'x 618 (2d Cir. 2010). In this case, the DOC argues that a Vermont small claims court judgment has preclusive effect, so Vermont law applies to the res judicata analysis.

Under Vermont law, "[r]es judicata bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 683 A.2d 731, 734 (Vt. 1996) (internal quotations omitted). "[C]laim preclusion will preclude a claim from being litigated if (1) a

---

[2] A few exceptions apply to the application of res judicata in § 1983 cases. For instance, if the claims include a federal constitutional claim not actually litigated and decided by the first court, *Vasquez v. Van Lindt*, 724 F.2d 321, 325 (2d Cir. 1983), or if the first court "had limited jurisdiction with respect to the available remedies," then res judicata does not bar the second action. *Ladd*, 2009 WL 3248143, at *7. Neither exception applies here. Burke alleges no federal constitutional violation, and the small claims court possessed the jurisdiction to award him his requested relief of $500 or the $5,000 he currently requests.

4

previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 30 A.3d 655, 660 (Vt. 2011).

### B. Application

As a threshold matter, small claims court judgments are accorded claim—but not issue—preclusive effect under Vermont law. *See Cold Springs Farm Dev., Inc. v. Ball*, 661 A.2d 89, 92-93 (Vt. 1995) (holding that small claims court judgments have no collateral estoppel effect but analyzing claim-preclusive effect of small claims court proceeding); *Deyo v. Pallito*, No. 2012-397, 2013 WL 2922406, at *3 (Vt. June 3, 2013) (affirming Vermont Superior Court decision that lawsuit was barred by res judicata effect of small claims court decision); *see also In re Haven Eldercare*, 503 F. App'x at 16 (concluding that small claims court decisions have res judicata effect under Vermont law).

All three elements of res judicata are met here. First, on November 25, 2014, the Vermont Superior Court, Washington Civil Division, held a trial and issued a Small Claims Court order granting judgment for the DOC and against Burke. (Doc. 5-1 at 2.) In Vermont, "'any order from which an appeal lies' is a judgment." *Iannarone*, 30 A.3d at 660 (quoting V.R.C.P. 54(a)). A party may appeal the judgment of a small claims court decision; indeed, Burke has done so. The small claims court order is a final judgment for res judicata purposes.[3]

Second, the small claims court proceeding was between the same parties. Burke sued the Vermont Department of Corrections, which was represented by an attorney at the November 25, 2014 trial. (Doc. 5-1 at 2.)

Finally, Burke's instant claim was litigated in the state court proceeding. His small claims court complaint alleges that he was unlawfully charged for copies while "legally indigent . . . in violation of Vermont/Kentucky CCA/LAC policy regarding legal copies for indigent residents." (Doc. 5-1 at 1.) In that complaint, he also claimed that he was charged for

---

[3] The fact that Burke's appeal is currently pending does not affect the res judicata analysis. *See Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) ("[R]es judicata and collateral estoppel apply once a final judgment is entered in a case, even while an appeal from that judgment is pending." (citing *Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir. 1988)).

5

copies "unlawfully," but did not identify which law(s) the DOC's conduct allegedly violated. (*Id.*) Burke also requested the same relief—$500 in damages—of the small claims court. (*Id.*)

Because "the parties, subject matter, and cause[] of action [is] identical" to the first action Burke initiated in Vermont small claims court, res judicata would bar the re-litigation of Burke's claim against the DOC in this court. *Merrilees v. Treasurer, State of Vt.*, 618 A.2d 1314, 1316 (1992).

V. **Conclusion**

For the reasons stated above, plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

Dated at Rutland, in the District of Vermont, this 29th day of April, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court

WITHDRAWN on 5/13/2015 Pursuant to Doc. No. 18

6